Hall, J.
1. The verdict in this case was not only authorized, but was demanded, by the evidence. The defense that the defendant did not convert the property in dispute, and had no agency in so doing, and that the person who did convert it was not the defendant’s agent-in the transaction, but acted on his own responsibility without the defendant’s aid, and contrary to his wishes and consent, was not sustained' by the facts of the case.
2. A principal is bound by the acts of his agent within the scope of his authority. The form in which the agent acts is quite immaterial. If the principal’s name is disclosed, and the agent professes to-act for him, it will be held to be the act of the principal; and the agent’s authority will be construed to include all necessary and usual means for effectually executing it; and private instructions not known to persons dealing with a general agent cannot affect them. Code,. §§2194, 2195, 2196.
3. While a principal is not, as a general rule, liable for the willful trespass of his agent, yet, if the trespass be committed by the principal’s command, or if it is assented to by him, he is liable. Such assent may be implied from the principal’s aiding and abetting the agent; *68 and even if the latter exceeded his authority, his act was capable of ratification, expressly or impliedly, by the acts and silence of the principal; and when once made, it cannot be revoked, and relates back to the act ratified, and takes effect as if it were originally authorized; nor •can a part of the act be ratified and a part repudiated. The whole must be adopted or none. Code, §§2203, 2192, 2194
C. B. Wooten; D; A. Yason, for plaintiff in error.
E. G. Simmons; B. B. Hinton; J. F. Watson; J. Dodson, for defendant.
Judgment affirmed.